MEGHAN BLANCO (California State Bar No. 238171)
LAW OFFICES OF MEGHAN BLANCO
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Telephone: (949) 296-9869
Facsimile: (949) 606-8988
mblanco@meghanblanco.com

Attorney for Defendant:
GABRIEL ZENDEJAS-CHAVEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORMIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL ZENDEJAS-CHAVEZ,<br><br>Defendant. | Case No. 18 CR 173-GW<br><br>***DEFENDANT GABRIEL ZENDEJAS-CHAVEZ'S PROPOSED VOIR DIRE QUESTIONS*** |

# DEFENDANT OLIVAS'S PROPOSED VOIR DIRE QUESTIONS

## JURY SERVICE

1. Do you have any medical issues or concerns regarding COVID-19 that would interfere with your ability to attend trial, be a fair juror or prevent you from considering all the evidence?
2. Are you affiliated with any organizations to which you contribute monetary support?
3. Do/did you support (financial or otherwise), or belong to as a member, any group or organization concerned with crime victims?
4. Please describe any civic, social, religious, political, trade or professional organizations, clubs or associations to which you presently belong or have belonged in the past.
5. Have you ever previously served on a jury?
   a. If so, where?
   b. Without stating the verdict, was your jury able to reach a verdict?

## EDUCATION

   c. What is the highest level of education?
   d. Have you received any special training, including any legal, technical, medical, psychological, law enforcement, criminal justice, or scientific training?

## EXPERIENCE WITH CRIMINAL JUSTICE SYSTEM

6. Do you know any person connected to the court system (lawyer, judge, bailiff, clerk, reporter)?
7. Have you, a close friend, or a relative ever been a victim of any crime?
   a. Nature of crime(s)?
   b. When did this occur?

      c. Was anyone arrested?

      d. Was there a trial?

      e. Did you attend trial?

      f. How do you feel about the response of law enforcement in these cases?

      g. How do you feel about the response of the defense in these cases?

      h. How do you feel about the response of the judicial system in these cases?

8. Have you, a close friend, or a relative ever been ACCUSED of any crime?

      a. Who?

      b. Nature of crime(s)?

      c. When did this occur?

      d. Was anyone arrested?

      e. Was there a trial?

      f. Did you attend trial?

      g. Do you feel that this person was falsely accused?

9. Have you, or a close friend or relative, ever testified in any legal proceedings?

10. Have you had a positive or negative experience with the criminal or civil justice system or anyone involved with the criminal or civil justice system (judges/prosecutor/defense attorney/law enforcement)?

11. Have you or a family member ever utilized the services of any Law Enforcement Agency, District Attorney's Office or US Attorney's Office?

12. Do you know anyone who has served time in a prison or jail? If yes, who (in relation to you), where, why, and for how long.

13. You may hear testimony in this case from employees of the United States Bureau of Prisons and the California Department of Corrections and

Rehabilitation; officers of the Pomona, Long Beach, Los Angeles, and Ontario Police Departments; deputies from the Los Angeles County Sheriff's Department; and special agents from the Federal Bureau of Investigation (FBI), and Drug Enforcement Administration (DEA). Is there anything you may have experienced, seen, heard, or read that would prevent you from fairly and impartially assessing the credibility of the officers and special agents who may testify in this case? Please explain.

14. Have you, or a close friend or relative, ever had a positive or negative experience with law enforcement such that you would treat the testimony of a law enforcement witness differently than any other witness?

15. Do you think law enforcement officers can make mistakes?

16. Would you always believe the testimony of a law enforcement officer because he or she is a law enforcement officer?

17. Would you judge a law enforcement officer's testimony the same as you would judge the testimony of any other witness?

18. Do you have strong opinions or feelings about the criminal justice system that will interfere with your ability to be a fair and impartial juror in this

19. Have you ever done any work related to the prosecution or defense of criminal cases?

20. Have you, or a close friend or relative, ever had a positive or negative experience with a defense attorney or public defender's office such that you would be biased against a person who worked as a criminal defense attorney or public defender.

21. Do you believe you can trust a criminal defense attorney?

FAMILIARITY WITH THIS CASE

22. Do you recall reading or hearing anything about this case from any source?

     a. If "Yes", please state where you obtained the information and what you recall reading/hearing.

     b. If "Yes", did you develop any opinions based on what you read or heard?

     c. If you formed any opinions based on what you read or heard could you set those opinions aside and make your decisions in this case strictly based upon the evidence that is presented and the court's instructions on the law?

23. Are you familiar with the Mexican Mafia, also known as "La Eme?"

24. Have you, any close friend, or relative, ever been affected in any way by a crime committed by a member of the Mexican Mafia, a Hispanic street gang, or any other gang?

25. Have you seen/read television programs, movies, or books about gangs?

26. Have you read anything about gangs on the internet?

27. Do you have any strong opinion about gangs or any specific gang?

28. How do you feel about people who associate with gang members?

29. How do you feel about attorneys who represent gang members?

30. To the extent you have feelings of bias and prejudice towards gangs or the Mexican Mafia, and people who represent gang members and the Mexican Mafia, could you put aside those feelings and decide this case based solely on the evidence presented and not on anything else?

## TRIAL ISSUES

31. Is there anything about the nature of the charges in this case that would prevent or substantially impair your ability to be fair, serve as an impartial juror in this case and follow the court's instructions on the law?

32. When judging the credibility of witnesses, you may consider a variety of factors including whether the witness has special training or skills, whether

the witness has been convicted of a felony or engaged in conduct that reflects on his/her believability, whether the witness's perception or memory may have been influenced by a variety of factors including the use of drugs or alcohol, or whether the witness was promised leniency in exchange for his or her testimony.  Not all of these factors will apply to every witness.  However, you must use the same standards to evaluate the credibility of each witness regardless of which side calls the witness, or who they may be, or what they do for a living.  Can you follow this rule of law?

33. When judging the credibility of witnesses, would you automatically accept the testimony of a police officer simply because he/she is a law enforcement officer?

34. Have you, a close friend, or a relative ever been personally impacted by gangs?

35. Have you, a close friend, or a relative ever been personally impacted by gang violence?

36. As a juror you will be asked to discuss your position with your fellow jurors, giving them the benefit of your thinking as to the evidence in the case, and you will be asked to listen to their opinions about the evidence so that you may benefit from their thinking as well.  Can you share your opinions with your fellow jurors and listen to their opinion about the evidence in the case?

37. The prosecution and the defendant are entitled to a fair trial.  Is there anything about the nature of the charges in this case that would make it impossible for you to be a fair trial juror in this matter?  Can you think of any reason that you might not be a fair and impartial juror to either side?

38. Do you have any ethical, religious, political, moral, or other beliefs that may prevent you from serving as a juror?

SPECIFIC EVIDENCE

39. You may hear testimony from witnesses who may hope for sentencing reductions or other concessions from the government in exchange for their testimony. Do you have any feelings about the use of such testimony?

40. Do you have any concerns about the government using various means of surveillance, including court-approved telephone wiretaps, to conduct its investigations?

41. You may see and hear recordings of conversations with the defendants that were recorded without the defendants' knowledge. Do you have any feelings about the use of such recordings that would influence your ability to be a fair and impartial juror in this case?

42. Do you believe that rights of person's charged with crimes are better protected than the rights of victims?

43. Under our Constitution, in a criminal case, a defendant has no obligation to put on any evidence, or testify on his or her own behalf. Do you believe that a defendant in a criminal case should be required to testify or produce some evidence to prove that he or she is not guilty?

44. Would you be able to find Mr. Chavez not guilty if he puts on no evidence in this case?

45. Is there anything at all that makes you believe you would not be fair to the government or Mr. Chavez?