STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
GREGORY BERNSTEIN (Cal. Bar No. 299204)
KEITH D. ELLISON (Cal. Bar No. 307070)
GREGG E. MARMARO (Cal. Bar No. 338627)
Assistant United States Attorneys
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: 213-894-5339/3183/6920/8500
    Facsimile: 213-894-0142
    E-mail:  shawn.nelson@usdoj.gov
           gregory.bernstein@usdoj.gov
           keith.ellison2@usdoj.gov
           gregg.marmaro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-CR-00173(A)-GW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* NO. 1 REGARDING IMPEACHMENT AND CROSS-EXAMINATION OF THE GOVERNMENT'S COOPERATING WITNESSES |
| v. | |
| JOSE LANDA-RODRIGUEZ, et al., [#2-GABRIEL ZENDEJAS-CHAVEZ] | Trial Date: August 2, 2022<br>Trial Time: 8:30 a.m.<br>Location: Courtroom of the Honorable George H. Wu |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Shawn J. Nelson, Gregory Bernstein, Keith D. Ellison, and Gregg E. Marmaro, hereby files its Motion in Limine No. 1, regarding impeachment and cross-examination of the government's cooperating witnesses, specifically to exclude evidence regarding the witnesses' prior convictions, other

than as allowed by the Federal Rules of Evidence, and to require prior approval before cross-examining the witnesses regarding misconduct that did not result in a conviction.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 24, 2022                    Respectfully submitted,

                                        STEPHANIE S. CHRISTENSEN
                                        Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        SHAWN J. NELSON
                                        GREGORY BERNSTEIN
                                        KEITH D. ELLISON
                                        GREGG E. MARMARO
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                              PAGE

TABLE OF AUTHORITIES..................................................i

MEMORANDUM OF POINTS AND AUTHORITIES..................................1

I.   INTRODUCTION.....................................................1

II.  REQUESTS TO LIMIT IMPEACHMENT BY PRIOR CONVICTIONS...............2

         1.   Cooperating Witness-1..................................4

         2.   Cooperating Witness-2..................................5

         3.   Cooperating Witness-4..................................8

         4.   Cooperating Witness-5..................................9

         5.   Cooperating Witness-6.................................10

III. REQUEST FOR PRIOR APPROVAL FOR CROSS-EXAMINATION WITH PRIOR
     ACTS NOT RESULTING IN CONVICTION................................11

IV.  CONCLUSION......................................................14

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                    PAGE

**Cases**

Delaware v. Van Arsdall,
    475 U.S. 673 (1986) .......................................... 2

United States v. Abair,
    746 F.3d 260 (7th Cir. 2014) ................................. 11

United States v. Alexander,
    48 F.3d 1477 (9th Cir. 1995) ............................ 4, 7, 10

United States v. Bensimon,
    172 F.3d 1121 (9th Cir. 1999) ................................ 4

United States v. Brackeen,
    969 F.2d 827 (9th Cir. 1992) (en banc) (per curiam) ............ 3

United States v. Cordoba,
    104 F.3d 225 (9th Cir. 1997) ................................. 7

United States v. Flaharty,
    295 F.3d 182 (2d Cir. 2002) .................................. 12

United States v. Gay,
    967 F.2d 322 (9th Cir. 1992) ................................. 11

United States v. Geston,
    299 F.3d 1130 (9th Cir. 2002) ................................ 11

United States v. Glenn,
    667 F.2d 1269 (9th Cir. 1982) ........................ 3, 5, 8, 9

United States v. Haskell,
    468 F.3d 1064 (8th Cir. 2006) ................................ 13

United States v. Hursh,
    217 F.3d 761 (9th Cir. 2000) ................................. 4

United States v. Larson,
    495 F.3d 1094 (9th Cir. 2007) ................................ 2

United States v. Leonardi,
    623 F.2d 746 (2d Cir. 1980) .................................. 12

United States v. Pena,
    978 F. Supp. 2d 254 (S.D.N.Y. 2013) .......................... 13

United States v. Price,
    566 F.3d 900 (9th Cir. 2009) ................................. 12

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                 PAGE

United States v. Singh,
    995 F.3d 1069 (9th Cir. 2021) ................................... 2

United States v. Williams,
    464 F.3d 443 (3d Cir. 2006) ................................. 12-13

United States v. Young,
    567 F.2d 799 (8th Cir. 1977) ................................... 13

**Federal Rules of Evidence**

Fed. R. Evid. 403 ........................... 3, 7, 8, 9, 10, 12, 14

Fed. R. Evid. 608 ......................................... 11, 12

Fed. R. Evid. 609 ......................... 3, 4, 5, 7, 8, 9, 10, 11

Fed. R. Evid. 611 ......................................... 12, 14

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Gabriel Zendejas-Chavez ("defendant") will soon stand trial on charges that he conspired to participate in the affairs of the Mexican Mafia Los Angeles County Jail Enterprise through a pattern of racketeering activity, conspired to engage in drug trafficking, and aided and abetted the distribution of drugs.  At trial, the government intends to prove that defendant used his position as an attorney to facilitate the Mexican Mafia's racketeering activities by, among other means, passing messages to incarcerated members and associates about essential Mexican Mafia business like the status and territories of members, the identities of cooperating witnesses, orders to assault individuals in bad standing, plots to intimidate witnesses, a plot to extort a rival gang, and more.  As part of its case-in-chief, the government will solicit the testimony of several cooperating witnesses who personally interacted with defendant, many of whom have pleaded guilty for their roles in the charged racketeering and drug trafficking conspiracies.

The government expects that defendant will attempt to impeach and cross-examine its cooperating witnesses related to their prior criminal convictions as well as regarding other alleged prior acts that did not result in convictions.  To avoid unwarranted harassment and a waste of time, the government moves to exclude evidence regarding the witnesses' prior convictions, other than as allowed by the Federal Rules of Evidence, and to require the Court's approval prior to engaging in cross-examination regarding prior acts that did not result in conviction.

## II.  REQUESTS TO LIMIT IMPEACHMENT BY PRIOR CONVICTIONS

Defendant may impeach the government's witnesses by offering evidence of their prior felony convictions and convictions for crimes of dishonesty that occurred within the last ten years.  He may also offer evidence of their conduct in this case, pleas of guilty in this case, and motives for cooperating with the government.  He may not, however, impeach or cross-examine these witnesses with evidence of any other criminal convictions.  Allowing otherwise is counter to the law and will result in confusion of the issues, undue delays, and unnecessary harassment of the witnesses.

The Confrontation Clause of the Sixth Amendment secures the right of a criminal defendant to be confronted with the witnesses against him.  Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986); United States v. Singh, 995 F.3d 1069, 1080 (9th Cir. 2021).  Although this guarantees "the right of effective cross-examination," United States v. Larson, 495 F.3d 1094, 1101 (9th Cir. 2007), that right "is subject to very well-established limitations that permeate the Federal Rules of Evidence."  Singh, 995 F.3d at 1080.  Indeed, the Supreme Court and Ninth Circuit have made clear that the Confrontation Clause does not deprive the trial judge of discretion in setting limits on cross-examination during trial:

> On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

Van Ardsall, 475 U.S. at 679; see also Larson, 495 F.3d at 1101 (same); Singh, 995 F.3d at 1080 (same).

2

In keeping with these Constitutional principles, the Federal Rules of Evidence instruct trial judges regarding the proper scope and subject matters of impeachment and cross-examination.  Relevant here, Federal Rule of Evidence 609 restricts impeachment and cross-examination of witnesses with certain criminal convictions -- generally to felonies or crimes with an element of dishonesty.  If the conviction, or the witness's release from confinement for the conviction, occurred within ten years of the testimony, Rule 609(a)(1) provides that evidence that a witness other than the defendant has been convicted of a crime must be admitted, "subject to Rule 403," if the conviction "was punishable by death or by imprisonment for more than one year."  If the crime required "a dishonest act or false statement," it must be admitted, notwithstanding Rule 403.  Fed. R. Evid. 609(a)(2).  Generally, crimes of violence and theft crimes do not fall into the latter category of automatic admissibility.  United States v. Glenn, 667 F.2d 1269, 1273 (9th Cir. 1982); see also United States v. Brackeen, 969 F.2d 827, 830 (9th Cir. 1992) (en banc) (per curiam) (reaffirming that "the legislative history of Rule 609 makes clear that Congress used the term 'dishonesty' in a narrow sense, to mean only those crimes which involve deceit") (cleaned up).

Where "more than 10 years have passed since the witness's conviction or release from confinement for it," evidence of the conviction is admissible "only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."  Fed. R. Evid. 609(b);

United States v. Bensimon, 172 F.3d 1121, 1125-26 (9th Cir. 1999) (applying Rule 609(b) balancing to a "seventeen-year-old mail fraud conviction"). Impeachment by juvenile adjudications is further limited to situations where allowing the impeachment is "necessary to fairly determine guilt or innocence." Fed. R. Evid. 609(d).

The Ninth Circuit has outlined five factors that should be considered in balancing the probative value of a prior conviction against its prejudicial impact for purposes of both Rule 609(a)(1) and Rule 609(b). United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995). Those five factors are: (1) the impeachment value of the prior crime; (2) the point in time of conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the witness's testimony; and (5) the centrality of the witness's credibility. United States v. Hursh, 217 F.3d 761, 768 (9th Cir. 2000).

In light of the foregoing, the government hereby moves to preclude impeachment and cross-examination using certain criminal convictions of its cooperating witnesses as discussed further below.

      1.    Cooperating Witness-1

Cooperating Witness-1 has previously been convicted of the following crimes:

- A 1997 misdemeanor conviction for willful cruelty to a child for which he was sentenced to four years' probation and 35 days' jail;
- A 1997 misdemeanor conviction for carrying a firearm in a vehicle for which he was sentenced to three years' probation and 120 days' jail;

4

- A 1998 felony conviction for theft of personal property for which he was sentenced to 78 months' imprisonment; and
- A 2006 conviction for robbery for which he was sentenced to seven years' imprisonment.

Cooperating Witness-1's 1997 misdemeanor convictions for willful cruelty to a child and carrying a loaded firearm were not punishable by more than one year and did not involve dishonesty. They are also nearly 25 years old. They are not admissible under Rule 609.

Cooperating Witness-1's 1998 theft and 2006 robbery convictions were all punishable by imprisonment for more than one year. But there is nothing to suggest the conduct underlying the convictions involved dishonesty. See Glenn, 667 F.2d at 1273 ("Generally, crimes of violence [and] theft crimes . . . do not involve 'dishonesty or false statement' within the meaning of rule 609(a)"). The convictions and corresponding releases from custody are more than ten years old. There are no specific facts or circumstances suggesting their probative value substantially outweighs their prejudicial effect. See Fed. R. Evid. 609(b). And defendant has not provided reasonable written notice of his intent to use the convictions. Id. Therefore, the convictions are not admissible under Rule 609.

Accordingly, the government moves to preclude impeachment or cross-examination of Cooperating Witness-1 with any of the above-listed convictions.

### 2. Cooperating Witness-2

Cooperating Witness-2 has previously been convicted of the following crimes:

- A 1997 misdemeanor conviction for vandalism for which he was sentenced to three years' probation;

- A 1997 misdemeanor conviction for possession of a hypodermic needle for which he was sentenced to three years' probation;
- A 1997 felony conviction for accessory for which he was sentenced to two years' prison;
- Two 1998 juvenile adjudications (within the same case) for first degree murder and kidnapping;
- A 2000 felony conviction for assault with a deadly weapon with a firearm on a police officer for which he was sentenced to nine years' imprisonment;
- A 2007 felony conviction for felon in possession of a firearm for which he was sentenced to 32 months' imprisonment;
- A 2013 felony conviction for possession of a controlled substance and a misdemeanor conviction for resisting a peace officer (within the same case) for which he was sentenced to 44 months' imprisonment and one year of jail;
- A 2016 misdemeanor conviction for driving on a suspended license for which he was sentenced to 120 days' jail;
- Two 2016 misdemeanor convictions for possession of a controlled substance and possession of burglary tools (within the same case) for which he was sentenced to 120 days' jail on each;
- A 2016 felony conviction for felon in possession of ammunition for which he was sentenced to three years' probation and 26 days' jail; and
- A 2017 felony conviction for possession for sale of a controlled substance for which he was sentenced to four years' imprisonment.

Cooperating Witness-2's 2013 conviction for possession of a controlled substance, 2016 conviction for felon in possession of

ammunition, and 2017 conviction for possession of a controlled substance for sale are admissible under Rule 609, subject to Rule 403. His six misdemeanor convictions -- which were not punishable by more than one year, did not involve dishonesty, and, for two, occurred well more than ten years ago -- are not.[1] Nor are his 1998 juvenile adjudications for murder and kidnapping, which are not "necessary to fairly determine guilt or innocence." Fed. R. Evid. 609(d).

Cooperating Witness-2's remaining felony convictions, namely, his 1997 accessory conviction, 2000 assault with a deadly weapon conviction, and 2007 felon in possession conviction, are also not admissible under Rule 609. They are more than ten years old. Defendant has not provided reasonable written notice of his intent to use the convictions. And their probative value, if any, is minimal, as defendant may impeach and cross-examine Cooperating Witness-2 for the three felony convictions listed above, his conduct in the instant case, his pleas of guilty in the instant case, and his motives for cooperating with the government. Given as much, any probative value is insufficient to outweigh the prejudicial effect of the convictions, namely, the undo harassment and waste of time that would result from their introduction.

Accordingly, with the exception of his 2013, 2016, and 2017 felony convictions, the government moves to preclude impeachment or

---

[1] Felony drug distribution crimes may be probative of veracity, see United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), as amended on denial of reh'g (Apr. 11, 1995) (conviction for possession of rock cocaine for sale); see also United States v. Cordoba, 104 F.3d 225, 229 (9th Cir. 1997), as amended (Feb. 11, 1997) (possession with intent to distribute cocaine), but misdemeanor simple possession is not.

7

cross-examination of Cooperating Witness-2 with any of the other above-listed convictions.

### 3. Cooperating Witness-4[2]

Cooperating Witness-4 has previously been convicted of the following crimes:

- A 1989 felony conviction for robbery for which he was sentenced to two years' prison;
- A 1990 misdemeanor conviction for vandalism for which he was sentenced to 18 months' probation and 23 days' jail;
- A 1991 felony conviction for attempted first degree burglary for which he was sentence to six years' imprisonment;
- A 1994 misdemeanor conviction for use of a controlled substance for which he was sentenced to 180 days' jail; and
- Two 1995 felony convictions for petty theft with a prior and second degree burglary with a prior (within the same case) for which he was sentenced to 25 years to life (later reduced unrelated to his cooperation in this case).

Cooperating Witness-4 was released from custody on his 1995 felony convictions within the last ten years. Thus, those convictions may be admissible under Rule 609, subject to Rule 403. His other misdemeanor and felony convictions are not. There is nothing to suggest the conduct underlying any of the other convictions involved dishonesty. See Glenn, 667 F.2d at 1273. The convictions and corresponding releases from custody are more than ten years old. There are no specific facts or circumstances suggesting their probative value substantially outweighs their prejudicial

---

[2] Cooperating Witness-3 does not have any known criminal convictions.

8

effect. See Fed. R. Evid. 609(b). And defendant has not provided reasonable written notice of his intent to use the convictions. Id. Therefore, the convictions are not admissible under Rule 609.

Accordingly, with the exception of his two 1995 felony convictions, the government moves to preclude impeachment or cross-examination of Cooperating Witness-4 with any of the other above-listed convictions.

### 4. Cooperating Witness-5

Cooperating Witness-5 has previously been convicted of the following crimes:

- Two 2007 felony convictions (within the same case) for robbery for which he was sentenced to two and six years' imprisonment, respectively;
- A 2014 felony conviction for taking a vehicle without the owner's consent for which he was sentenced to five years' probation and five days' jail; and
- A 2014 felony conviction for conspiracy to distribute controlled substances for which he was sentenced to thirteen years' imprisonment.

Most of Cooperating Witness-5's convictions were punishable by more than one year and the convictions, or the corresponding release from custody, occurred within the last ten years. Thus, most of the convictions are admissible under Rule 609, subject to Rule 403. Cooperating Witness-5 was not released from the 2007 felony conviction for robbery within the last ten years, however, and that conviction should not be admitted. There is nothing to suggest the conduct underlying that conviction involved dishonesty. See Glenn, 667 F.2d at 1273. There are no specific facts or circumstances

9

suggesting the probative value of the conviction substantially outweighs its prejudicial effect. See Fed. R. Evid. 609(b). And defendant has not provided reasonable written notice of his intent to use the conviction. Id.

Accordingly, the government moves to preclude impeachment or cross-examination of Cooperating Witness-5 with his 2007 felony conviction for robbery.

### 5. Cooperating Witness-6

Cooperating Witness-6 has previously been convicted of the following crimes:

- A 2001 felony conviction for manufacturing a controlled substance for which he was sentenced to three years' probation and one year of jail;
- A 2004 felony conviction for transporting a controlled substance for which he was sentenced to seven years' imprisonment; and
- Two 2017 felony convictions (within the same case) for possession for sale of a controlled substance for which he was sentenced to twelve and three years' imprisonment respectively.

Cooperating Witness-6's 2017 felony convictions are admissible under Rule 609, subject to Rule 403. His two other felony convictions are not. While felony drug distribution crimes may be probative of veracity, see Alexander, 48 F.3d at 1488, the convictions and corresponding releases from custody are more than ten years old and there are no specific facts or circumstances suggesting their probative value substantially outweighs their prejudicial effect. See Fed. R. Evid. 609(b). As with Cooperating Witness-2, the probative value of the convictions, if any, is minimal, as defendant may impeach and cross-examine Cooperating Witness-6 for the

two 2017 felony convictions, his conduct in the instant case, his pleas of guilty in the instant case, and his motives for cooperating with the government. Moreover, defendant has not provided reasonable written notice of his intent to use the convictions. Id. Accordingly, the government moves to preclude impeachment or cross-examination of Cooperating Witness-6 with his 2001 and 2004 felony conviction for drug distribution crimes.

### III. REQUEST FOR PRIOR APPROVAL FOR CROSS-EXAMINATION WITH PRIOR ACTS NOT RESULTING IN CONVICTION

In tandem with Rule 609's limits on impeachment with prior criminal convictions, Rule 608 governs cross-examination with prior acts by a witness that did not result in a conviction. Rule 608(b) provides, "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of [] the witness." Rule 608 thus "allows a witness to be cross-examined, in the discretion of the court, regarding specific instances of misconduct which do not lead to conviction, if the misconduct is probative of the witness' character for truthfulness or untruthfulness." United States v. Geston, 299 F.3d 1130, 1137 (9th Cir. 2002) (footnote omitted); see also United States v. Gay, 967 F.2d 322, 327-28 (9th Cir. 1992) (similar). Importantly, before engaging in a Rule 608 inquiry, the cross-examiner must "have reason to believe the witness actually engaged in conduct that is relevant to her character for truthfulness." United States v. Abair, 746 F.3d 260 (7th Cir. 2014).

Rule 608's "probative" requirement triggers a Rule 403 inquiry as to whether the evidence's probative value is outweighed by concerns of confusion and unfair prejudice. <u>United States v. Price</u>, 566 F.3d 900, 912 n.13 (9th Cir. 2009). Rule 403 thus serves as a backstop to the admission of evidence that, even if otherwise admissible, would lead to unfair prejudice, confusing the issues, and wasting the Court's and jury's time. The trial court has a "specific duty to prevent counsel from confusing the jury with a proliferation of details on collateral matters." <u>Id.</u> at 766. The protections of Rule 403 are also buttressed by Rule 611, which makes clear that the trial court should preclude cross-examination into areas "beyond the subject matter of the direct examination and matters affecting the witness's credibility" and "protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611.

When evaluating whether certain misconduct is probative of the witness' character for truthfulness, courts distinguish acts of violence -- such as murder, assaults, or domestic violence (which do not relate to truthfulness and are therefore inadmissible) -- from acts of dishonesty -- such as false statements and fraud (which relate to truthfulness and are therefore admissible). <u>See</u> <u>United States v. Flaharty</u>, 295 F.3d 182, 191 (2d Cir. 2002) ("Murder generally is not a crime of dishonesty, and nothing about the [] murder suggested that it would in any way reflect on [the witness's] truthfulness."); <u>United States v. Leonardi</u>, 623 F.2d 746, 757 (2d Cir. 1980) (district court properly barred evidence of witness's "prior criminal acts not resulting in conviction and which did not, by their nature, tend to impugn the witness's credibility"); <u>United States v. Williams</u>, 464 F.3d 443, 448 (3d Cir. 2006) (no abuse of

discretion where district court declined to allow cross examination of an alleged murder because, "[e]ven if the evidence that [the witness] committed murder had been strong, it was not clearly relevant to [his] truthfulness as a witness and had a strong potential to prejudice the jury.  In fact, the evidence was exceedingly week [because] it was based on several levels of hearsay"); United States v. Haskell, 468 F.3d 1064, 1073 (8th Cir. 2006) (district court properly concluded that government witness's previous murder charge, as a reflection of his credibility, "was not relevant to prove truthfulness and was an improper subject for impeachment"); United States v. Young, 567 F.2d 799, 803 (8th Cir. 1977) (no abuse of discretion where district court shut down cross-examination of a witness regarding her attempt to have her ex-husband killed; attempted murder was "not relevant to veracity or honesty and would have been highly prejudicial").[3]

    Here, in addition to the criminal convictions described above, each of the government's cooperating witnesses have been arrested for conduct that did not lead to criminal convictions.  And based on defendant's recent discovery requests, the government anticipates that the defense will attempt to cross-examine the government's cooperating witnesses at length about their criminal pasts, whether the conduct is reflected in the witnesses' criminal histories or not.  But any such cross-examination must be limited to acts bearing on the

---

[3] See also United States v. Pena, 978 F. Supp. 2d 254 (S.D.N.Y. 2013) (cooperating witnesses' prior violent acts toward women, which, in one instance, resulted in a criminal misdemeanor conviction, were properly excluded from the scope of cross-examination, since the acts "do not speak to the reliability or credibility of the witnesses"; district court saw "no reason to depart from the general rule that evidence of past crimes relating to sex and violence are properly excluded as having insufficient bearing on a witness' credibility").

13

witnesses' characters for truthfulness, subject to the limitations of Rules 403 and 611. Prior acts of violence that fall outside of the charged conspiracy, even murders, do not qualify.

Therefore, given the limited probative value of any such conduct in light of defendant's ability to impeach and cross-examine the government's cooperating witnesses with the prior criminal convictions discussed above, the witnesses' conduct and pleas of guilty in this case, and the witnesses' motivations for cooperating with the government, the government hereby moves to preclude cross-examination by uncharged acts falling outside of the scope of the charged conspiracies without prior approval by the Court, outside of the presence of the jury. Such approval is necessary to avoid unfair prejudice, confusion of the issues, and the creation of mini-trials on extrinsic incidents, as well as to protect testifying witnesses from any improper attempts by the defense to run afoul of the Federal Rules of Evidence.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court preclude impeachment of the government's witnesses with the relevant convictions discussed above, and require prior approval before the defense may cross-examine the government's witnesses with uncharged criminal conduct that did not result in a conviction.