STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
GREGORY BERNSTEIN (Cal. Bar No. 299204)
KEITH D. ELLISON (Cal. Bar No. 307070)
GREGG E. MARMARO (Cal. Bar No. 338627)
Assistant United States Attorneys
      1100/1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: 213-894-5339/3183/6920/8500
      Facsimile: 213-894-0142
      E-mail: shawn.nelson@usdoj.gov
              gregory.bernstein@usdoj.gov
              keith.ellison2@usdoj.gov
              gregg.marmaro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-cr-00173(A)-GW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* NO. 2 EXLCUDING A DURESS DEFENSE |
| v. | |
| GABRIEL ZENDEJAS-CHAVEZ, | Trial Date:  August 2, 2022<br>Trial Time:  8:30 a.m.<br>Location:    Courtroom of the<br>             Honorable George H.<br>             Wu |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Shawn J. Nelson,

Gregory Bernstein, Keith D. Ellison, and Gregg E. Marmaro, hereby

files its Motion in Limine No. 2, to exclude a duress defense.

Defendant has not, and cannot, make a sufficient pretrial showing

supporting such a defense.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 24, 2022            Respectfully submitted,

                                STEPHANIE S. CHRISTENSEN
                                Acting United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                    /s/
                                _____
                                SHAWN J. NELSON
                                GREGORY BERNSTEIN
                                KEITH D. ELLISON
                                GREGG E. MARMARO
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.     INTRODUCTION**

3

Defendant Gabriel Zendejas-Chavez ("defendant") will soon stand

4

trial on charges that he conspired to participate in the affairs of

5

the Mexican Mafia Los Angeles County Jail Enterprise through a

6

pattern of racketeering activity, conspired to engage in drug

7

trafficking, and aided and abetted the distribution of drugs.  At

8

trial, the government intends to prove that defendant used his

9

position as an attorney to facilitate the Mexican Mafia's

10

racketeering activities by, among other means, passing messages to

11

incarcerated members and associates about essential Mexican Mafia

12

business like the status and territories of members, the identities

13

of cooperating witnesses, orders to assault individuals in bad

14

standing, plots to intimidate witnesses, a plot to extort a rival

15

gang, and more.

16

Defendant has represented that he may present a duress defense.

17

But he has not, and cannot, make a prima facie showing of duress

18

sufficient to present a duress defense to the jury, or receive a jury

19

instruction on duress.  Therefore, the government moves to preclude

20

defendant's presentation of a duress defense to the jury.

21

**II.    DEFENDANT IS NOT ENTITLED TO A DURESS DEFENSE**

22

A defendant may not present a duress defense to the jury, or

23

receive a jury instruction on duress, unless he has made a prima

24

facie showing of duress in a pre-trial offer of proof.  United States

25

v. Ibarra-Pino, 657 F.3d 1000, 1004 (9th Cir. 2011).  "[T]o make a

26

prima facie showing for a duress defense or a jury instruction, a

27

defendant must establish: (1) an immediate threat of death or serious

28

bodily injury, (2) a well-grounded fear that the threat will be

1  carried out, and (3) lack of a reasonable opportunity to escape the

2  threatened harm." Id. (internal quotation marks and citation

3  omitted). "In the absence of a prima facie showing of duress,

4  evidence of duress is irrelevant and may be excluded, and a jury

5  instruction is not appropriate." Id. at 1004-05 (citations omitted).

6  Fear, alone, is not enough to merit the defense or instruction.

7  United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996) (citation

8  omitted).

9      With regard to the first element, "immediacy requires that there

10  be some evidence that the threat of injury was present, immediate, or

11  impending. '[A] veiled threat of future unspecified harm' will not

12  satisfy this requirement." United States v. Contento-Pachon, 723

13  F.2d 691, 694 (9th Cir. 1984) (quoting Rhode Island Recreation Center

14  v. Aetna Casualty and Surety Co., 177 F.2d 603, 605 (1st Cir. 1949)).

15  The threat "may be express or implied, so long as it is an immediate

16  threat as distinguished from generalized fear." United States v.

17  Navarro, 608 F.3d 529, 533 (9th Cir. 2010). The threat to the

18  defendant or the defendant's family must be "present, immediate, or

19  impending," (Contento-Pachon, supra, at 694), such that the

20  defendant's persecutors "figuratively held a gun to his head" (or to

21  his family's heads) compelling the defendant to commit the illegal

22  action. United States v. Shryock, 342 F.3d 948, 988 (9th Cir. 2003);

23  see also United States v. Becerra, 992 F.2d 960, 964 (9th Cir.1993)

24  (no prima facie showing of immediacy in a year-long scheme to

25  distribute cocaine and heroin even though defendant testified the

26  person that threatened him was in the defendant's restaurant

27  "constantly" and "even parked outside [defendant's] apartment on one

28  of his days off").

2

1    As to the second element, the formula is addressed to the impact

2  of a threat of force upon a reasonable person: The fear must be

3  "well-grounded."  There must be no "reasonable" opportunity to

4  escape.  The formula is in harmony with the analysis of duress in the

5  Model Penal Code which recognizes duress in the use of unlawful force

6  "that a person of reasonable firmness in his [or her] situation would

7  have been unable to resist."  American Law Institute, Model Penal

8  Code § 2.09(i) (1985).  In determining if the fear was "well-

9  grounded," the defense does permit the fact-finder to take into

10 account the objective situation in which the defendant was allegedly

11 subjected to duress.  Fear that would be irrational in one set of

12 circumstances may be well-grounded if the experience of the defendant

13 with those applying the threat is such that the defendant can

14 reasonably anticipate being harmed on failure to comply.  United

15 States v. Johnson, 956 f.2d 894 (9th Cir. 1992).

16    As to the third element, "[t]he opportunity to surrender to the

17 authorities on reaching a point of safety presents an opportunity to

18 escape the threatened harm."  Ibarra-Pino, 657 F.3d at 1005.  "A

19 defendant takes 'the opportunity to escape the threatened harm' where

20 the defendant 'cooperate[s] with authorities' at the first

21 opportunity to do so without alerting an observer and 'submit[s] to

22 authorities at the first reasonable opportunity' by consenting to a

23 search."  Id. at 1006 (quoting Contento-Pachon, 723 F.2d at 695).

24    In the instant matter, on July 11, 2022, counsel for defendant

25 emailed government counsel that she was "noticing [defendant's]

26 intent to raise two affirmative defenses: duress and entrapment,"

27 without more.  The government requested a pre-trial offer of proof to

28 support defendant's prima facie showing of duress that same day.  But

3

defendant has yet to respond, likely because he cannot make such a showing.  As the evidence at trial will show, defendant used his status as an attorney to assist Enterprise members with their illicit activities over a several year period.  He travelled to various penal institutions where he smuggled messages to in-custody co-conspirators.  He hosted co-conspirators at his office to discuss Mexican Mafia business.  And he did so of his own volition, not out of duress.  In addition, and perhaps most importantly, despite his knowledge of the criminal justice system as a criminal defense attorney, and the fact that his most powerful coconspirators were in custody, defendant never attempted to escape any alleged harm.  Thus, he cannot make a prima facie showing to support a the presentation of a duress defense because he did not act under duress.

**III.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court preclude defendant from presenting a duress defense to the jury.