STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
GREGORY BERNSTEIN (Cal. Bar No. 299204)
KEITH D. ELLISON (Cal. Bar No. 307070)
GREGG E. MARMARO (Cal. Bar No. 338627)
Assistant United States Attorneys
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-5339/3183/6920/8500
     Facsimile: 213-894-0142
     E-mail: shawn.nelson@usdoj.gov
             gregory.bernstein@usdoj.gov
             keith.ellison2@usdoj.gov
             gregg.marmaro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-CR-00173(A)-GW-3 |
| Plaintiff, | GOVERNMENT'S PROPOSED VOIR DIRE |
| v. | Trial Date: August 2, 2022<br>Trial Time: 8:30 a.m. |
| JOSE LANDA-RODRIGUEZ, et al.,<br>[#3-GABRIEL ZENDEJAS-CHAVEZ] | Location: Courtroom of the<br> Honorable George Wu |
| Defendants. | |

Pursuant to Federal Rule of Criminal Procedure 24(a)(2)(B), plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Shawn J. Nelson, Gregory Bernstein, Keith D. Ellison, and Gregg E. Marmaro, hereby files its Proposed Voir Dire and respectfully requests that the Court

ask prospective jurors the attached questions during voir dire, in addition to the Court's standard voir dire questions.

| Dated: July 24, 2022July 24, 2022 | Respectfully submitted, |
|---|---|
| | STEPHANIE S. CHRISTENSEN<br>Acting United States Attorney |
| | SCOTT M. GARRINGER<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | /S/ *Shawn J. Nelson*<br>SHAWN J. NELSON<br>GREGORY BERNSTEIN<br>KEITH D. ELLISON<br>GREGG E. MARMARO<br>Assistant United States Attorneys |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |

**GOVERNMENT'S PROPOSED VOIR DIRE**

**I. PRIOR EXPERIENCE WITH CRIMINAL CASES/LAW ENFORCEMENT**

1. Have you or anyone close to you ever been involved in a criminal case either as a victim, defendant, or witness?
    a. What kind of case?
    b. What was your relationship to that case?
    c. When did the case happen?
    d. Where did the case happen?
    e. Was anyone arrested?
    f. Which law enforcement agency was involved?
2. Have you or anyone close to you ever had a negative experience involving the police or any member of law enforcement?
    a. Who had the experience?
    b. What was the experience?
    c. When was the experience?
    d. Which law enforcement agency was involved?
    e. Do you have any negative feelings about law enforcement or the criminal justice system because of that experience?
3. Have you or anyone close to you ever filed a lawsuit or complaint concerning the conduct of a law enforcement officer?
4. Have you or anyone close to you ever been accused, arrested, indicted, charged, or convicted in a criminal case (except for infractions and traffic offenses)?
    a. What kind of case was it?
    b. When was the case?
    c. What was the accusation/charge?
    d. What was the outcome?

5. Do you have any general feelings or beliefs about law enforcement officers that would prevent you from fairly assessing the credibility of law enforcement officers who may testify in this case?

6. Do you have any general feelings or beliefs about the criminal justice system that would prevent you from rendering a fair and impartial verdict in this case?

7. Do you know or have contact with any prosecutor, defense attorney, judge, court clerk, or other participant in the criminal justice system?

    a. If so, please describe.

    b. Would that contact affect your ability to be a fair and impartial juror in this case.

8. Do you have any feelings about the fairness or unfairness of the criminal justice system? If so, describe.

## II. PRIOR EXPERIENCE WITH GANGS

9. Have you or anyone close to you had any experiences with gangs, whether as a member, associate, victim, or neighbor.

    a. What gang?

    b. Where?

10. Have you ever heard of the Mexican Mafia? If yes, please explain.

11. Have you read, seen, or heard any news reports about this case? If yes, explain.

## III. VIEWS ON LAW ENFORCEMENT AGENCIES

12. This case involves a multi-year investigation by a Federal Bureau of Investigation ("FBI") Task Force that also includes the Drug Enforcement Administration, the Los Angeles County Sheriff's Department, the Pomona Police Department, and the California

Department of Corrections and Rehabilitation, among others.  Have you heard anything about or have any feelings about any of these agencies that would affect your ability to treat witnesses from these agencies fairly and review their testimony without any bias?

### IV. VIEWS ON CERTAIN LAW ENFORCEMENT TECHNIQUES

13. The investigation of this case used investigative techniques like court-authorized wiretaps, undercover recordings, the review of video surveillance, and the review of recorded jail phone calls.  Do you have any objection to court-authorized wiretaps, undercover recordings, review of video surveillance, or the review of recorded jail phone calls?  If so, please explain.

14. The investigation in this case involved the use of defendant's co-conspirators as witnesses against him, commonly referred to as confidential informants, cooperating defendants, or cooperating witnesses.  Necessarily, these witnesses are also engaged in criminal conduct and have criminal histories.  Do you have any objection to the use of these witnesses to investigate crimes?  If yes, please explain.

15. Keeping in mind the significant risks that these witnesses often face for cooperating with law enforcement, do you think it is improper for the government to provide these witnesses with benefits like reduced or dismissed charges or monetary compensation?  If yes, please explain.

16. If you do have objections to the government's use of these witnesses, would that impair your ability to render a fair and impartial verdict in this case?

//

//

3

**V. KNOWLEDGE OF POTENTIAL WITNESSES**

17. Are you familiar with any of the following individuals, who may be witnesses in this case? [The Court is respectfully requested to read the government's and defendant's witness lists.]

**VI. GENERAL ABILITY TO SERVE AS A JUROR ON THIS CASE**

18. If you are selected as a juror and hear this case, you will be required to deliberate with other jurors. This will require you to discuss the evidence and the law in this case with the other jurors. Is there anything that leads you to believe that you would be unable or unwilling to engage in such discussions?

19. There are some people who, for moral, ethical, or religious reasons, may find it difficult or uncomfortable to pass judgment on the conduct of others. Is there anyone who holds such beliefs, or who might be affected by such beliefs?

20. The potential punishment for the offenses charged in the indictment is a matter solely for the judge's discretion and it should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused. Will you be able to conduct your duties as a juror in this case without speculating about or being influenced in any way by whatever punishment may or may not be imposed in this case?

21. The role of a juror in a case of this type is to decide whether or not the law was broken, and not whether the law itself is a good law or a bad law or should be changed. Can you put aside your feelings on the wisdom of a law and decide the law only on the evidence?

22. If the Court instructs you that your verdict must not be based on sympathy, passion, or prejudice, but only on the evidence in this case, will you be able to follow that instruction?

23. Is there anything about the charges or defendant in this case that makes you unwilling or reluctant to serve as a juror?

24. Is there anything about the charges in this case that makes you unwilling or reluctant to serve as a juror.

25. Do you have any particular health or medical concerns that would prevent you from serving as a juror in this case or concentrating on or evaluating the evidence in this case.