MEGHAN BLANCO (238171)
LAW OFFICES OF MEGHAN BLANCO
    28202 Cabot Road, Suite 300
    Laguna Niguel, California 92677
    Telephone: (949) 296-9869
    Facsimile: (949) 606-8988
    E-mail:   mblanco@meghanblanco.com

Attorney for Gabriel Zendejas-Chavez

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-cr-173-GW |
|---|---|
| Plaintiff, | RENEWED MOTION TO COMPEL BRADY AND HENTHORN INFORMATION |
| v. | |
| GABRIEL ZENDEJAS-CHAVEZ, | |
| Defendant. | |

Defendant Gabriel Zendejas-Chavez, by and through his counsel, Meghan Blanco, will renew its motion for an order that the government produce exculpatory and impeaching materials, local CI files, central and confidential files, and personnel files for confidential informants ("CIs"), cooperating-defendants ("CDs") and law enforcement agents expected to testify as witnesses in these

//
//
//

1

proceedings and/or law enforcement agents who have communicated with CIs/CDs between January 2013 and present.

                                      Respectfully Submitted,

Dated: July 7, 2022

                                      *//s// Meghan Blanco*
                                      MEGHAN BLANCO
                                      COUNSEL FOR DEFENDANT
                                      GABRIEL ZENDEJAS-CHAVEZ

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION AND FACTS

Defendant Gabriel Zendejas-Chavez is charged in the first superseding indictment with: RICO conspiracy, in violation of 18 USC 1961(4) (count 1); conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (count 5); and aiding and abetting the possession with the intent to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1) (counts 7 and 8).

According to the superseding indictment, by early 2014, Mr. Chavez knowingly joined the Mexican Mafia LACJ Enterprise. The enterprise is alleged to have been comprised of members and associates of the Mexican Mafia who "work[ed] together to control criminal activity within LACJ, have become their own entity or enterprise and effectively function as an illegal government within LACJ custody facilities (the "LACJ Enterprise"). The LACJ facilities over which the Mexican Mafia LACJ enterprise is alleged to have exercised control include the Men's Central Jail ("MCJ"), the Twin Towers Correctional Facility ("Twin Towers"), the Inmate Reception Center ("IRC"), the North County Correctional Facility ("NCCF"), Pitchess Detention Center—North Facility ("Pitchess North"), Pitchess Detention Center—East Facility ("Pitchess East"), and Pitchess Detention Center—South Facility ("Pitchess South"). According to the superseding indictment, on any given day, the LACJ System housed approximately 15,000 inmates.

For the reasons outlined herein, exculpatory and impeaching materials, including materials from personnel files, CDCR confidential files and central files, and local law enforcement CI files, for law enforcement agents and confidential informants/cooperating co-defendants ("CIs" and "CDs") who are expected to testify as witnesses in these proceedings and/or law enforcement agents who have communicated with testifying CIs and CDs are relevant to the credibility and reliability of law enforcement and CI/CD testimony that the government may present at pre-trial hearings and/or trial.

II. ARGUMENT

A. <u>Upon request, a prosecutor has the duty to review the files of his or her agents for exculpatory or impeaching information.</u>

The Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution require that the government disclose exculpatory evidence to the defendant. *Kyles v. Whitley*, 514 U.S. 419 (1995); *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963). Exculpatory evidence includes all evidence which bears on the credibility or reliability of witnesses. *See United States v. Feola*, 651 F. Supp. 1068, 1135 (S.D.N.Y. 1987). In sum, the law requires that the defense be provided with any and all information regarding prior material acts of misconduct by witnesses. *See United States v. Rosner*, 516 F. 2d 269 (2nd Cir. 1975), cert. den. 427 U.S. 911(1976); *United States v. Seijo*, 514 F.3d 1357 (2nd Cir. 1975), cert. den. 429 U.S. 1043 (1977); *United States v. Stroop*, 129 F.R.D. 269 (E.D.N.C. 1988). The Ninth Circuit

has stated that the scope of the *Brady*, *supra*, doctrine is broad, and requires "disclosure of evidence that in any way may be exculpatory." *United States v. Miller*, 529 F.2d 1125, 1128 (9th Cir.) cert. den. 426 U.S. 924 (1976). The United States Supreme Court has emphasized that prosecutors should err on the side of disclosure Because we are dealing with an inevitably imprecise standard, and because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete, the prudent prosecutor [or court] will resolve doubtful questions in favor of disclosure. *United States v. Agurs*, 427 U.S. 97, 108 (1976). In *United States v. Henthorn*, 931 F.2d 29 (9th Cir., 1991), the Ninth Circuit held that, upon request, a prosecutor has the duty to review the files of his or her agents for exculpatory or impeaching information. The obligation is placed upon the prosecutor by the fact of a request, and there is no requirement for a threshold showing of materiality to the defense. All personnel files which contain complaints or allegations (whether sustained or not) involving perjurious conduct, dishonesty, improper law enforcement practices, or other conduct which could be used to impeach the officer must be disclosed. In *Kyles v. Whitley*, *supra*, the United States Supreme Court reminded both the Government and courts reviewing discovery issues that convictions will be reversed under the *Brady*, *supra*, rule unless prosecutors use a suitably broad standard of materiality. The

Kyles court emphasized that an important type of exculpatory evidence is that which can be used to attach the thoroughness and even the good faith of the investigations undertaken.

    B. <u>The following materials that are in the possession of the government and/or its agents, including portions of the personnel records of law enforcement agents, CDCR confidential files and central files, and local law enforcement CI files, for law enforcement agents and confidential informants/cooperating co-defendants ("CIs" and "CDs") that the government intends to call as witnesses during these proceedings and/or who communicated with CIs/CDs, are relevant both to the credibility of the law enforcement witnesses and CIs/CDs.</u>

    1.  All documents contained in CDCR central and confidential files that reference any allegation or defendant in this case from January 2013 through present;

    2. Any records of reports, complaints and/or subsequent investigation of reports and/or complaints involving alleged falsification of evidence;

    3. Any records of reports, complaints and/or investigation of reports and/or complaints involving alleged violation of constitutional rights;

    4. Any records of reports, complaints and/or investigation of reports and/or complaints involving alleged preparation and/or filing of a false report, statement or other document and/or complicity in the preparation and/or filing thereof;

5. Any records, complaints, and/or investigation of reports and/or complaints involving improper law enforcement practices, including, but not limited to, the use of physical and/or psychological coercion and/or benefits and/or promises of leniency to defendants and/or witnesses and/or victims;

6. Any records, complaints, and/or investigation of reports and/or complaints involving improper law enforcement practices in the handling or use of informants;

7. Any records of reports, complaints, and or subsequent investigation of reports and/or complaints involving allegations of giving false testimony and/or agreeing that others give false testimony in administrative hearings, courtroom testimony, the swearing out of warrants or other court applications and/or anyother instance where representations were provided under oath;

8. Any records of reports, complaints, and/or subsequent investigation of reports and/or complaints involving the falsification of evidence, tendering of false reports, or swearing out of false evidence, including giving of perjurious testimony, in proceedings related to any internal investigation conducted by the officer or agent's agency;

9. Any records and/or reports of administrative actions taken against the officer or agent on the basis of breaches of duty, violations of departmental or agency rules and regulations;

10. Any judicial findings, including findings of fact, findings made as part of civil or criminal litigation, or findings made in orders transmitted to the officer's or agent's department or agency

7

pertinent to the type of misconduct or unprofessional conduct covered above.

   C. <u>Records related to CIs, CDs, officers or agents who may testify as witnesses in these proceedings and/or who had communications with any CI/CD between January 2013 and the present are properly disclosed pursuant to Henthorn and Brady</u>.

Mr. Chavez is seeking to compel favorable Brady/Henthorn evidence for law enforcement agents and officers who: (1) interacted with any testifying CI/CD between 2013 through the present; and/or (2) will be called by the government as witnesses in this case, whether at pretrial hearings or at trial. The government's investigation in this case involved individuals affiliated with numerous federal task forces, and this request includes, but is not limited to, task force officers ("TFOs") from the following organizations: the Federal Bureau of Investigation ("FBI"); the Drug Enforcement Agency ("DEA"); the Bureau of Prisons ("BOP"); the Los Angeles County Sheriff's Department ("LACSD"); the Pomona Police Department ("PPD"); the California Department of Justice ("CDOJ"); the Ontario Police Department ("OPD"); the Rancho Cucamonga Police Department ("RPD"); the Long Beach Police Department ("LBPD") and the California Department of Corrections and Rehabilitation ("CDCR").

While it may be true that the government has no direct supervisory function in relation to the locally maintained CI files and/or central/confidential files of CIs/CDs, or the personnel records of local law enforcement officials, the government certainly can make reasonable inquiries in an effort to obtain information

about whether there is favorable, exculpatory or impeaching evidence pertinent to testifying CIs/CDs and the state and federal law enforcement officers it intends to offer as trial witnesses and/or who interacted with testifying CIs/CDs, during the time period critical to this case. Moreover, where the government depends, in part, on state, county or local officers and police records to make its case, its Brady, obligations may require it to provide information in the files of those agencies relevant to the proceedings, including CDCR maintained central and confidential files and law enforcement personnel or disciplinary records:

> When state police gives a federal investigator access to its files for the purpose of pulling items of interest to a federal investigation, Brady requires that the prosecution team review as well for Brady materials within the same universe of files. In this instance, separate sovereignty no longer matters. The reason is that the state has invited the federal authorities into its file room and given access to the evidence. Once inside the stacks with permission to rummage about for prosecution evidence, the federal authorities must search for and retrieve defense evidence bearing on the same question. The same would hold if the access is only by mere requests, i.e., if the local police allow the federal prosecutor to make written or verbal requests for records searches to be conducted by local officers, then the federal prosecutor must ask for all information on the same subject, pro and con. This arises not because there is an "agency," but because the federal prosecution team is given free access to retrieve information and the search must be even handed as to the point of inquiry.

*United States v. Cerna*, 633 F.Supp.2d 1053, 1059-60 (N.D. Cal. 2009) (*citing United States v. Price*, 566 F.3d 900 (9th Cir. 2009). *See also United States v. Schwartz*, 259 U.S. 59 (2nd Cir., 2001) (remanding a case for hearing to determine a possible Brady violation involving a failure to disclose police internal affairs

9

materials); *United States v. Olsen*, 704 F.3d 1172 (9th Cir. 2013) (in post-conviction context, declining to decide whether federal prosecutor has Brady duty to obtain and reveal favorable information contained in state internal investigation file, where non-disclosed information was immaterial to verdict); and *United States v. Hector*, CR 04-00860-DDP (C.D. Cal. May 8, 2008), Order Granting New Trial (new trial necessary to remedy government failure to investigate and disclose information from local law enforcement investigative file bearing on credibility of a paid confidential informant).

III. CONCLUSION

For the reasons outlined herein, this Court should order the government to review and produce the exculpatory and impeaching materials, including materials from local CI files, central and confidential files of testifying CIs/CDs and personnel files, for all CIs/CDs and law enforcement agents expected to testify as witnesses in these proceedings and/or law enforcement agents who have communicated with CIs/CDs between January 2013 and present. These materials are relevant to the credibility and reliability of CIs/CDs and law enforcement testimony that the government may present at pre-trial hearings and/or trial.

Respectfully Submitted,

Dated: July 7, 2022

*//s// Meghan Blanco*
MEGHAN BLANCO
COUNSEL FOR DEFENDANT
GABRIEL ZENDEJAS-CHAVEZ