STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
GREGORY BERNSTEIN (Cal. Bar No. 299204)
KEITH D. ELLISON (Cal. Bar No. 307070)
GREGG E. MARMARO (Cal. Bar No. 338627)
Assistant United States Attorneys
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: 213-894-5339/3183/6920/8500
    Facsimile: 213-894-0142
    E-mail: shawn.nelson@usdoj.gov
         gregory.bernstein@usdoj.gov
         keith.ellison2@usdoj.gov
         gregg.marmaro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-CR-00173(A)-GW-3 |
| Plaintiff, | **GOVERNMENT'S SUPPLEMENTAL RESPONSE IN SUPPORT OF GOVERNMENT'S MOTION TO LIMIT CROSS EXAMINATION** |
| v. | |
| JOSE LANDA-RODRIGUEZ, et al., [#3-GABRIEL ZENDEJAS-CHAVEZ] | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Shawn J. Nelson, Gregory Bernstein, Keith D. Ellison, and Gregg E. Marmaro, hereby files its Supplemental Response to in Support of Government's Motion to Limit Cross-Examinatoin.

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 2, 2022,  Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/S/ *Shawn J. Nelson*
SHAWN J. NELSON
GREGORY BERNSTEIN
KEITH D. ELLISON
GREGG E. MARMARO
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government moved in limine to restrict cross examination of its cooperating witnesses to the convictions allowed by Federal Rule of Evidence 609 and prior bad acts that are probative of truthfulness as allowed by Federal Rule of Evidence 608. Defendant has identified which convictions he wishes to use.

**II.  ARGUMENT**

CW-1

CW-1's 1997 misdemeanor conviction for willful cruelty to a child is not properly admitted and defendant's use of it is simply an attempt to "dirty up" the witness. It is more than ten years old and it in no way reflects on truth or honesty. Even if it did reflect on truth or honesty, Rule 403 concerns militate against its admission.

CW-1's 2006 robbery conviction is similarly inadmissible. It is more than ten years old and its probative value does not substantially outweigh the prejudicial effect. As to defendant's proffered justification, as far as the government knows, CW-1 is not receiving a benefit on his state case. And, defendant's proffered reason is so hyper-technical that it is doubtful that CW-1 would understand that benefit. Fully explaining that benefit would also cause a wasting of time. Even if defendant's proffered use is proper, it can be achieved without reference to the substance of the conviction.

CW-2

CW-2's 1998 juvenile adjudications for murder and kidnapping are also inadmissible. They are well more than ten years old and the probative value of the convictions does not substantially outweigh

the prejudicial effect.  To the contrary, the prejudicial effect substantially outweighs the probative value.  As to defendant's proffered justification, as far as the government knows, CW-1 is not receiving a benefit on his state case.  And, defendant's proffered reason is speculative – apparently that if CW-2 were charged in state court for the conduct he is already being prosecuted for here.  Even if defendant's proffered use is proper, it can be achieved without reference to the substance of the conviction.  Finally, defendant's last justification for this that the convictions "demonstrate the work CW-2 put in to become a Mexican Mafia member" is not relevant to CW-2's character for truthfulness.  Instead, it would be improper 404(b)-type evidence and 404(b) evidence of a witness' character is admissible only under Federal Rules of Evidence 607, 608, and 609.  Fed. R. Evid. 404(a)(3).

The 2017 drug conviction is a felony within the last ten years and thus seems admissible.

CW-4

Defendant has no basis for asserting that somehow, CW-4's release pursuant to Prop. 47 was related to his cooperation.  First, CW-4's cooperation began *after* his release in this case.  Second, defendant has not explained or cited any state law for the fact that Prop. 47 release is dependent on cooperation.  These twenty-seven-year-old convictions should be excluded.

CW-5

The 2007 convictions for robbery should be excluded.  They are more than ten years old and they are not particularly probative of truth or veracity.  Defendant claims that these are prior strikes

that can be used to "enhance uncharged conduct." But if the conduct is uncharged, there is nothing to enhance.

The 2014 vehicle theft and drug convictions are felony convictions within the last ten years and seem admissible.

CW-6

The 2001 conviction for manufacturing drugs and the 2004 conviction for transporting drugs are more than ten years old and their probative value does not substantially outweigh the prejudicial effect. As to defendant's proffered justification of showing CW-6's involvement in drug distribution, there is already ample evidence of that in his 2017 convictions, the charged conduct against him, and his admission that he sells drugs. The government's knowledge of his involvement is irrelevant.

The 2017 drug convictions are felonies within ten years and thus seem admissible.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court limit defendant's cross examination to the convictions listed as admissible herein and bar any cross-examination on other prior bad acts as defendant has not identified any such prior bad acts that would be probative of truthfulness.