E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
GREGG E. MARMARO (Cal. Bar No. 338627)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
International Narcotics, Money Laundering,
 and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5339/8500/0813
     Facsimile: (213) 894-0142
     E-mail:   shawn.nelson@usdoj.gov
               gregg.marmaro@usdoj.gov
               daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-CR-00173(B)-GW-3 |
|---|---|
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION FOR ORDER DIRECTING THAT ATTORNEY COMMUNICATION BE SUBMITTED FOR REVIEW IN CAMERA; DECLARATION OF GREGG E. MARMARO; AND EXHIBITS |
| v. | |
| JOSE LANDA-RODRIGUEZ, et al., [#3-GABRIEL ZENDEJAS-CHAVEZ] | [PROPOSED ORDER FILED CONCURRENTLY] |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Shawn J. Nelson,
Gregg E. Marmaro, and Daniel H. Weiner, hereby files the Government's
Ex Parte Application for Order Directing that Attorney Communication
Be Submitted for Review In Camera.

This Ex Parte Application is based upon the attached memorandum of points and authorities, the transcripts from the first trial of United States v. Gabriel Zendejas-Chavez, the Declaration of Gregg E. Marmaro and Exhibits A and B, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 23, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

_____
SHAWN J. NELSON
GREGG E. MARMARO
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

<u>DESCRIPTION</u>                                                    <u>PAGE</u>

TABLE OF AUTHORITIES.................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES..................................1

I.    INTRODUCTION....................................................1

II.   STATEMENT OF FACTS.............................................2

      A.    The Independent Evidence Demonstrates that Defendant
            Chavez Worked as a Conduit for the Mexican Mafia..........2

      B.    The Independent Evidence Demonstrates that Defendant
            Chavez Used His Position as an Attorney to Pass
            Criminal Messages to and From Mexican Mafia Member
            Gabriel Huerta...........................................2

      C.    Item to Review...........................................4

III.  ARGUMENT......................................................4

      A.    Legal Framework..........................................4

      B.    Procedure for Determining Applicability of Exception......6

      C.    Step One of the Zolin Two-Step Process Has Been Met.......7

IV.   CONCLUSION....................................................8

**TABLE OF AUTHORITIES**

<u>DESCRIPTION</u>                                                                              <u>PAGE</u>

<u>CASES</u>:

<u>In re Antitrust Grand Jury</u>,
    805 F.2d at 164 ................................................. 5

<u>In re Grand Jury Investigation</u>,
    842 F.2d 1223 (11th Cir. 1987) ................................. 5

<u>In Re Grand Jury Investigation</u>,
    974 F.2d 1068 (9th Cir. 1992) ................................ 5, 6

<u>In re Grand Jury Proceedings (The Corporation)</u>,
    87 F.3d 377 (9th Cir. 1996) .................................... 5

<u>In Re Grand Jury Proceedings</u>,
    867 F.2d 539 (9th Cir. 1989) .................................. 4

<u>In re National Mortgage Equity Corp.</u>,
    116 F.R.D. 297 (C.D. Cal. 1987) ............................... 5

<u>In re Special September 1978 Grand Jury</u>,
    640 F.2d 49 (7th Cir. 1980) ................................... 5

<u>United States v. Chen</u>,
    99 F.3d 1495 (9th Cir. 1996) ............................... 5, 6, 7

<u>United States v. Friedman</u>,
    445 F.2d 1076 (9th Cir. 1971) ................................. 4

<u>United States v. Laurins</u>,
    857 F.2d 529 (9th Cir. 1988) .................................. 5

<u>United States v. Zolin</u>,
    491 U.S. 554 (1989) ....................................... 1, 3, 6, 7

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.   INTRODUCTION**

3      This Court has previously ruled that certain communications

4  involving defendant Gabriel Zendejas-Chavez could be disclosed to the

5  prosecution team because either the communications were not

6  privileged or the attorney-client privilege had been abrogated by the

7  crime-fraud exception.  The prosecution team recently received from

8  the privilege review taint team (the "privilege review team" or

9  "taint team") a privilege log indicating that a letter from defendant

10 Chavez to Gabriel Huerta, an incarcerated Mexican Mafia member, dated

11 May 31, 2015, was withheld from the prosecution team on the basis of

12 the attorney-client privilege (the "**Letter**").  By this application,

13 the prosecution team requests that the Court review the **Letter** <u>in</u>

14 <u>camera</u> to determine whether it should be disclosed to the prosecution

15 team.

16      As discussed below, the prosecution team submits that there has

17 been a good faith showing by independent evidence for a reasonable

18 person to believe that a review of the **Letter** may reveal evidence to

19 establish a claim that the crime-fraud exception applies.  <u>See</u> <u>United</u>

20 <u>States v. Zolin</u>, 491 U.S. 554 (1989).  The prosecution team submits

21 that there exists reasonable cause to believe that a review of the

22 **Letter** may demonstrate that it is reasonably related to and in

23 furtherance of a crime or fraud.  Accordingly, the first step of the

24 <u>Zolin</u> two-step procedure has been met, <u>see</u> Zolin, 491 U.S. at 572,

25 and the prosecution team requests that the Court agree to review, in

26 a subsequent filing submitted by the privilege review team, the

27 **Letter** to determine whether the crime-fraud exception is applicable.

28 //

## II.   STATEMENT OF FACTS

### A.   The Independent Evidence Demonstrates that Defendant Chavez Worked as a Conduit for the Mexican Mafia

The government incorporates by reference the testimony and exhibits introduced in the first trial of defendant Chavez.  The Court is familiar with the independent evidence demonstrating that from at least 2013 through at least 2017, defendant Chavez worked as a conduit for the Mexican Mafia, principally by passing messages for other members and associates of the Mexican Mafia's Los Angeles County Jail Enterprise (the "Enterprise").  At the first trial of defendant Chavez, the government introduced evidence of defendant's participation in the Enterprise, including through written prison correspondence known as "kites," jail calls, cooperating witnesses, law enforcement witnesses, correctional officers, visitation records, seized items, and other evidence.  Several cooperating witnesses testified to their first-hand interactions with defendant Chavez, including that defendant Chavez used his position as an attorney to pass criminal messages for the Mexican Mafia through inmate visits, phone calls, and written correspondence disguised as "legal mail." Several witnesses testified specifically that they corresponded with defendant Chavez about Mexican Mafia business through mail that was marked "legal mail" but which contained criminal communications. Exhibits were also introduced showing that defendant Chavez passed criminal messages in letters that were marked "legal mail."

### B.   The Independent Evidence Demonstrates that Defendant Chavez Used His Position as an Attorney to Pass Criminal Messages to and From Mexican Mafia Member Gabriel Huerta

At the first trial, evidence was introduced that defendant used his status as an attorney to pass criminal messages to and from, and

regarding, Gabriel Huerta, an incarcerated Mexican Mafia member whose moniker is "Sleepy."  A cooperating witness testified that defendant Chavez passed criminal messages from co-defendant Jose Landa-Rodriguez to Huerta, who was among several Mexican Mafia members who were housed at the time at Pelican Bay State Prison.  See Trial Transcript Day 4, at 749, 764-767.  The witness also testified that defendant Chavez passed messages to him from Huerta regarding Mexican Mafia business.  See id.  Visitation records admitted into evidence demonstrate that defendant Chavez visited Huerta at Pelican Bay State Prison on five separate occasions between October 2013 and October 2014.

At his trial, defendant Chavez testified that he met with Huerta because Huerta was "anticipating a parole board hearing in the future, and he wanted to consult about [defendant's] representation before the parole board."  Trial Tr. Day 11, at 2466-67.  Defendant Chavez stated that he met with Huerta several times as a continuation from the plans for Huerta's parole board hearing.  Id. at 2514-15.  However, the prosecution team has learned from the California Department of Corrections and Rehabilitation, Board of Parole Hearings, that defendant Chavez *never appeared* as an attorney of record for Huerta in any parole proceedings, and that Huerta was represented by other attorneys in parole proceedings in 2015 – i.e., the time period of the **Letter** (May 2015).  See Declaration of Gregg E. Marmaro at ¶ 2.[1]

---

[1] Specifically, in 2015, Huerta postponed and then later waived a parole hearing for two years.  In the postponement and waiver, Huerta was represented by other attorneys.

3

**C.   Item to Review**

On April 17, 2024, the prosecution team received from the taint team a privilege log indicating that a letter dated May 31, 2015, from defendant Chavez to Gabriel Huerta, was withheld on the basis of the attorney-client privilege (the **Letter**).  See Marmaro Declaration ¶ 3; Exhibit A.  In addition, the prosecution team received from the taint team a search warrant application and search warrant, dated June 4, 2015, from the Superior Court in Kern County, California, which authorized the search of the **Letter** by prison officials at a California state prison in Tehachapi, California.  See Marmaro Declaration ¶ 4; Exhibit B.  The affidavit in support of the search warrant set forth the probable cause to believe that the **Letter** constituted evidence of a crime.  In part, the affidavit stated that defendant Chavez sent a money order in 2014 to Huerta under a provision authorizing witness/advisor fees, but which was returned to defendant Chavez because it failed to meet the statutory requirements for such fees.

**III. ARGUMENT**

**A.   Legal Framework**

The purpose of the attorney-client privilege is to encourage clients to communicate freely and completely with their attorney.  In Re Grand Jury Proceedings, 867 F.2d 539, 541 (9th Cir. 1989).  However, "all reasons for the privilege are eviscerated when a client consults an attorney for legal assistance to carry out a contemplated or ongoing crime."  Id.  Thus, it is well established that "the attorney-client privilege does not extend to communications between attorney and client where the purpose of that communication is to further . . . future intended illegality."  United States v.

4

1   Friedman, 445 F.2d 1076, 1086 (9th Cir. 1971); see also In Re Grand

2   Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992).  The crime-

3   fraud exception "may be used to abrogate work-product protection as

4   well as the attorney-client privilege."  In re National Mortgage

5   Equity Corp., 116 F.R.D. 297, 301 (C.D. Cal. 1987); see also In re

6   Antitrust Grand Jury, 805 F.2d at 164; In re Special September 1978

7   Grand Jury, 640 F.2d 49, 63 (7th Cir. 1980).  When "the attorney had

8   knowledge of or participated in the crime or fraud," even the

9   attorney's opinion work-product (which ordinarily receives the

10  highest level of protection under the work-product doctrine) will be

11  stripped of protection.  National Mortgage, 116 F.R.D. at 302; see

12  also In re Antitrust Grand Jury, 805 F.2d at 164.

13      In order to divest facially privileged communications of the

14  protection of the attorney-client privilege or work-product doctrine,

15  the government must make a prima facie showing of the existence of a

16  crime or fraud, and that "there is some relationship between the

17  communications and the illegality."  United States v. Chen, 99 F.3d

18  1495, 1503 (9th Cir. 1996) (quoting In re Grand Jury Proceedings (The

19  Corporation), 87 F.3d 377, 380 (9th Cir. 1996)).  A prima facie

20  showing is made if the government presents evidence establishing

21  "reasonable cause to believe that the attorney's services were

22  utilized in furtherance of the ongoing unlawful scheme."  Id.; see

23  also In re Grand Jury Investigation, 842 F.2d 1223, 1226 (11th Cir.

24  1987) ("[A] prima facie showing can be established by a good faith

25  statement by the prosecutor as to what evidence is before the grand

26  jury.").  Reasonable cause is "more than suspicion but less than a

27  preponderance of evidence."  Chen, 99 F.3d at 1503; see also United

28  States v. Laurins, 857 F.2d 529, 541 (9th Cir. 1988) (holding that

government had made prima facie showing based on "evidence that if believed by the jury would establish the elements of an ongoing violation" with which attorney-client communications "were linked"). As one leading treatise states:

> The test resembles that used for search warrants or directed verdicts in that the judge's function is not to determine issues of credibility or whether a particular inference should be drawn, but rather to see what conclusions could be reached if the witnesses were credited and the permissible inferences drawn.

24 Wright & Graham, Federal Practice and Procedure: Evidence § 5501 at 525 (1986) ("Wright & Graham").

**B.   Procedure for Determining Applicability of Exception**

Following the Supreme Court's decision in United States v. Zolin, 491 U.S. 554 (1989), there is a two-step process to determine the applicability of the crime-fraud exception.

First, before the Court may examine the purportedly privileged materials in camera, the government must provide non-privileged evidence[2] "adequate to support a good faith belief by a reasonable person that in camera review of the [privileged] materials may reveal evidence to establish the claim that the crime-fraud exception applies."  Id. at 572; see also Chen, 99 F.3d at 1503 (describing "the Zolin two-step procedure").  The showing necessary for in camera review is significantly less than the prima facie showing necessary for application of the exception; as the Court stated in Zolin, "The threshold we set, in other words, need not be a stringent one."  Id.; see also In re Grand Jury Investigation, 974 F.2d at 1072-73 (stating

---

[2] "We conclude that the party opposing the privilege may use any nonprivileged evidence in support of its request for in camera review, even if its evidence is not 'independent' of the contested communications as the Court of Appeals uses that term."  Zolin, 491 U.S. at 574.

1  that district court erred, albeit harmlessly, by applying too

2  stringent a standard and noting, "[t]here is an important difference

3  between showing how documents may supply evidence that the crime-

4  fraud exception applies and showing directly that the exception

5  applies").

6      Second, "if the judge decides this question in favor of the

7  government, the otherwise privileged material may be submitted for _in_

8  _camera_ examination."  _Chen_, 99 F.3d at 1503.

9      **C.   Step One of the _Zolin_ Two-Step Process Has Been Met**

10     The non-privileged evidence available to the Court is more than

11 sufficient to support "a good faith belief by a reasonable person

12 that _in camera_ review of the [privileged] materials may reveal

13 evidence to establish the claim that the crime-fraud exception

14 applies."  _Zolin_, 491 U.S. at 572.  The independent evidence shows

15 that (1) defendant Chavez used his position as an attorney to pass

16 criminal messages for Mexican Mafia members and associates, including

17 through mail disguised as "legal mail"; (2) defendant Chavez passed

18 criminal messages specifically to and from, and regarding, Gabriel

19 Huerta; (3) the **Letter** is dated during the course of defendant

20 Chavez's participation in the conspiracy; and (4) defendant Chavez

21 does not appear to have served as the attorney of record for Huerta

22 in any legal or administrative proceedings.  All of these factors

23 readily establish a _prima facie_ case for application of the crime-

24 fraud exception to the communication.  Moreover, a Superior Court

25 Judge in Kern County has already determined that there was probable

26 cause to search the **Letter** for evidence of a crime.  _See_ Exhibit B.

27 Under _Zolin_, this provides ample support for an _in camera_ review of

28

the **Letter** that the privilege review team will provide in a subsequent filing.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sign the Proposed Order lodged herewith and agree to review, in a subsequent filing, the May 31, 2015 **Letter** from defendant Chavez to Gabriel Huerta to determine whether the attorney-client privilege is abrogated by the crime-fraud exception.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF GREGG E. MARMARO

I, Gregg E. Marmaro, declare as follows:

1.    I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California.  I am one of the attorneys representing the government in this case.

2.    I have received and reviewed records from the California Department of Corrections and Rehabilitation ("CDCR"), Board of Parole Hearings ("BPH"), regarding the parole histories of CDCR inmates whom defendant Gabriel Zendejas-Chavez visited or corresponded with, including Gabriel Huerta.  Based on a review of parole history records for Gabriel Huerta, as well as my conversations with CDCR-BPH, I am aware that defendant Chavez never appeared as an attorney of record for Huerta in any parole proceedings, and that Huerta was represented by other attorneys in parole proceedings in 2015.  Based on my conversations with CDCR-BPH, I am aware that if an attorney is privately retained by an inmate but does not file any materials with CDCR-BPH or never makes an appearance as an attorney, then such private retention would not be reflected in CDCR-BPH records.  Nonetheless, the review of records indicates that defendant Chavez never appeared as an attorney in parole proceedings for inmate Huerta.

3.    On April 17, 2024, I and other members of the prosecution team received from the privilege review taint team a privilege log indicating that a letter dated May 31, 2015, from defendant Chavez to inmate Huerta, was withheld on the basis of the attorney-client privilege (the **Letter**).  Attached as **Exhibit A** is a true and correct copy of the privilege log.

    4.    The prosecution team also received from the taint team a search warrant application and search warrant, dated June 4, 2015, from the Superior Court in Kern County, California, which authorized the search of the **Letter** by prison officials at a California state prison in Tehachapi, California.  Attached as **Exhibit B** is a true and correct copy of the search warrant application and search warrant.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 23, 2024.

_____
GREGG E. MARMARO
Assistant United States Attorney