E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
GREGG E. MARMARO (Cal. Bar No. 338627)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
International Narcotics, Money Laundering,
 and Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5339/8500/0813
    Facsimile: (213) 894-0142
    E-mail:    shawn.nelson@usdoj.gov
               gregg.marmaro@usdoj.gov
               daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>JOSE LANDA-RODRIGUEZ, et al.,<br>[#1-JOSE LANDA-RODRIGUEZ],<br>[#3-GABRIEL ZENDEJAS-CHAVEZ],<br>[#6-ALVINO MUNOZ], and<br>[#16-SAMANTHA RIVERA],<br><br>             Defendants. | No. 2:18-CR-00173(B)-GW-1,3,6,16<br><br>GOVERNMENT'S MOTION IN LIMINE NO. 7 TO EMPANEL AN ANONYMOUS JURY<br><br>Hearing Date: August 29, 2024<br>Hearing Time: 8:00 a.m.<br>Location: Courtroom of the<br> Honorable George Wu |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Shawn J. Nelson, Gregg E. Marmaro, and Daniel H. Weiner, hereby files its Motion in Limine No. 7 to Empanel an Anonymous Jury.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 1, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

  /s/
SHAWN J. NELSON
GREGG E. MARMARO
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Based on specific factors present in this case, including the violent nature of the Mexican Mafia, the defendants' high-ranking positions in the enterprise, and the highly publicized nature of this case, the government requests that the Court empanel an anonymous jury to protect jurors and prevent interference with the judicial process.  Four of the five non-exhaustive factors laid out by the Ninth Circuit weigh in favor of an anonymous jury: defendants were involved and participated in the Mexican Mafia, "an extraordinarily violent organized criminal enterprise," United States v. Shryock, 342 F.3d 948, 972 (9th Cir. 2003); defendants all face a lifetime period of incarceration if convicted; and this case has already received publicity.  Accordingly, the Court should empanel an anonymous jury to ensure the jurors can perform their factfinding mission free from any fear of retribution or invasion of privacy.

**II.   THE COURT SHOULD EMAPNEL AN ANONYMOUS JURY**

The Court may empanel an anonymous jury "where (1) there is a strong reason for concluding that it is necessary to enable the jury to perform its factfinding function, or to ensure juror protection; and (2) reasonable safeguards are adopted by the trial court to minimize any risk of infringement upon the fundamental rights of the accused."  Shryock, 342 F.3d at 971 (cleaned up); see also 28 U.S.C. § 1863(b)(7) (a jury plan "may . . . permit . . . [the court] to keep these [jurors'] names confidential in any case where the interests of justice so require"); United States District Court, Central District of California, General Order 24-01 ("The names of such jurors and associated juror information may be kept confidential in any case

where the interests of justice so require.").

Here, the interests of justice require an anonymous jury. The Court can consider the following non-exhaustive factors in considering the need for jury protection: "(1) the defendants' involvement with organized crime; (2) the defendants' participation in a group with the capacity to harm jurors; (3) the defendants' past attempts to interfere with the judicial process or witnesses; (4) the potential that the defendants will suffer a lengthy incarceration if convicted; and (5) extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation and harassment." Shryock, 342 F.3d at 971. These factors, however, are "neither exclusive nor dispositive," and the Court should consider the totality of the circumstances in deciding whether the jury requires protection. Id.; United States v. Fernandez, 388 F.3d 1199, 1244 (9th Cir. 2004), modified, 425 F.3d 1248 (9th Cir. 2005) ("Although these factors are neither exclusive nor dispositive, courts have recognized the need for jury protection based on a combination of factors[.]").

The first and second factors weigh strongly in favor of empaneling an anonymous jury. All defendants are charged with conspiring to participate in a violent racketeering Mexican Mafia enterprise. Moreover, the government intends to elicit testimony about multiple violent acts ordered or facilitated by the trial defendants and their co-conspirators, including murder and assault. Just as the Ninth Circuit concluded in Shryock, the defendants here are "involved with the Mexican Mafia, an extraordinarily violent organized criminal enterprise [with] hundreds of Mexican Mafia members and associates still at large" that "[c]learly [have] the

capacity to harm jurors." 342 F.3d at 972.  The evidence in this trial will thus depict a pattern of violence that would cause a juror to reasonably fear for their own safety.  See also United States v. Vario, 943 F.2d 236, 241 (2d Cir. 1991) (explaining that "[t]he invocation of the words 'organized crime,' 'mob,' or 'Mafia,' unless there is something more, does not warrant an anonymous jury," but the "'something more,'" which by itself is sufficient to justify an anonymous jury, "can be a demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf or a showing that trial evidence will depict a pattern of violence by the defendants and his associates such as would cause a juror to reasonably fear for his own safety").  Indeed, given the nature of the charges and the enterprise, some prospective jurors during defendant Chavez's first trial expressed concern over serving as jurors in the case out of fear for their safety.

As to the fourth factor, just as in Shryock, all defendants face "lengthy incarceration if convicted."  Each defendant faces life imprisonment based on the special sentencing allegations in the RICO conspiracy count and the 21 U.S.C. § 846 count.

Regarding the fifth factor, this case has received extensive press, dating from the original indictment through defendant Chavez's first trial, to the government's Second Superseding Indictment ("SSI") and the defendants' forthcoming trial.  Indeed, numerous long-form articles have been written (some extremely detailed) about the testimony elicited during defendant Chavez's first trial and the government's SSI.  See, e.g., LA Times, "Lawyer charged in Mexican Mafia murder plot", available at https://www.latimes.com/california/story/2024-02-26/lawyer-charged-

relaying-orders-mexican-mafia-killing (Feb. 26, 2024); LA Times, "The lawyer accused of being a fixer for the Mexican Mafia", available at https://www.latimes.com/california/story/2022-10-27/lawyer-mexican-mafia-accused-fixer (Oct. 27, 2022); Law & Crime, "Ex-Sureño Gangster Tells Jury in Mexican Mafia Lawyer's Trial a Rat 'Is a Person Who Is Doing What I'm Doing Now', available at https://lawandcrime.com/crime/ex-sureno-gangster-tells-jury-in-mexican-mafia-lawyers-trial-a-rat-is-a-person-who-is-doing-what-im-doing-now/ (Aug. 8, 2022); Law & Crime, "Los Angeles Jury Hears of Lawyer's Alleged Role in Mexican Mafia Jail Extortion Scheme," available at https://lawandcrime.com/crime/los-angeles-jury-hears-of-lawyers-alleged-role-in-mexican-mafia-jail-extortion-scheme/ (Aug. 3, 2022). Indeed, at least one prominent legal journalist (with over 120,000 followers on Twitter) provided real time Tweets and blog posts during defendant Chavez's first trial. See, e.g., Meghann Cuniff (@meghanncuniff) (Twitter post during trial stating, with an attached video of defendant, "Gabriel Zendejas-Chavez, the lawyer accused of working for the Mexican Mafia, left the courthouse the same time as Vanessa Bryant just now and basically edged her out of the spotlight. "Gabriel! Gabriel!"), available at https://x.com/meghanncuniff/status/1558217041813094400 (Aug. 12, 2022). Thus, just as in Shryock, a trial involving "alleged members and associates of the Mexican Mafia could expect to receive extensive publicity, enhancing the possibility that jurors' names would become

public and expose them to intimidation and harassment." Shryock, 342 F.3d at 972.[1]

Moreover, as Judge Snyder found in empaneling an anonymous jury in United States v. Boyajian, 2:09-cr-933-CAS (C.D. Cal.), "if defendant, or anyone associated with the defense, were to attempt to influence, or even make contact, with one of the jurors in this case, that could readily create grounds for a mistrial . . . [which] would be particularly inequitable in this case, which has been pending for over six years, and in which numerous resources have been expended by both the government and defendant, for defendant's trial to result in a mistrial." Boyajian at Dkt. 1176 at pg. 11. So too here, where this case has been pending since 2018, and has already resulted in one mistrial against defendant Chavez in 2022. Thus, as Judge Snyder concluded in Boyajian, the "relatively modest restrictions the Government is proposing will provide a necessary and useful precaution against a potential mistrial." Id.

### III. THE COURT CAN PROVIDE REASONABLE SAFEGUARDS TO MINIMIZE POTENTIAL PREJUDICE

As the Ninth Circuit affirmed in upholding Judge Anderson's decision to empanel in anonymous jury in United States v. Baca, this Court can properly "minimize[] any risk of prejudice to [defendants] by instructing the jury that an anonymous jury was utilized to protect the jurors' privacy and was unrelated to [defendants'] guilt or innocence." 761 F. App'x 724, 727 (9th Cir. 2019). Moreover, as Judge Snyder held in Boyajian, this Court can avoid such concern by "providing the jury with a neutral rationale for the use of the

---

[1] In defendant Chavez's first trial, an unidentified individual was observed filming the testimony of a government cooperating witness, which caused a brief disturbance in the proceedings.

anonymous jury," such as "instruct[ing] the jury that the reason for their anonymity was to protect their privacy from curiosity-seekers and that the use of anonymous juries was commonplace in federal court." Boyajian at Dkt. 1176 at pg. 11 (citing, among other cases, Shryock, 342 F.3d at 972-73).

Moreover, just as the government proposed in Boyajian, the government here is "only proposing that a few limited facts about the jurors' identities be kept confidential," i.e., their names, specific street addresses, and specific place of employment. Such details "can have only limited, if any, relevance during voir dire, particularly where, as here, jurors will still provide information about their backgrounds and the cities in which they live." Boyajian at Dkt. 1176 at pg. 11. Because "potential prejudice can be limited through rigorous voir dire regarding the nature of jurors' occupations as well as their personal and professional affiliations," "the risk of an anonymous jury can be appropriately contained through the use of precautions such as these." Id.

**IV. CONCLUSION**

For the foregoing reasons, the Court should grant the Government's Motion in Limine No. 7 and empanel an anonymous jury.