E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS (Cal. Bar No. 162684)
Assistant United States Attorney
Chief, International Narcotics, Money Laundering,
 and Racketeering Section
GREGG E. MARMARO (Cal. Bar No. 338627)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
International Narcotics, Money Laundering,
 and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-2433/8500/0813
     Facsimile: 213-894-0142
     E-mail:     mark.childs@usdoj.gov
                 gregg.marmaro@usdoj.gov
                 daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-CR-00173(D)-GW-3 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT GABRIEL ZENDEJAS-CHAVEZ |
| v. | |
| JOSE LANDA RODRIGUEZ, ET AL., [#3-GABRIEL ZENDEJAS-CHAVEZ] | |
| Defendant. | |

1.  Subject to the approval of the Department of Justice, Violent Crime and Racketeering Section, this constitutes the plea agreement between Gabriel Zendejas-Chavez ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in this case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

   a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Misprision of a Felony, in violation of 18 U.S.C. § 4.

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement.

   d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

   h. To agree to recommend that the Court impose a sentence of time-served, no term of supervised release, and $100 special assessment.

   i. Waive, surrender and give up his right to move to withdraw his guilty plea to the single count information in United

States v. Gabriel Zendejas-Chavez, Case No. 2:18-CR-00173(D)-GW-3, namely, his guilty plea to the charge of misprision of a felony.

### THE USAO'S OBLIGATIONS

3. The USAO agrees to:

   a. To agree to recommend that the Court impose a sentence of time-served, no term of supervised release, and $100 special assessment.

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement.

   d. At the time of sentencing, move to dismiss the Second Superseding Indictment, the First Superseding Indictment, and the original Indictment in this case as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   e. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

### NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Misprision of a Felony, in violation of 18 U.S.C. § 4, the following must be true: (1) a federal felony was committed, namely, Racketeer

Influenced and Corrupt Organizations Conspiracy, in violation of 18 U.S.C. § 1962(d), as charged in Count One of the Second Superseding Indictment in this case; (2) defendant knew of the commission of that felony; (3) defendant knew that the offense conduct alleged in Count One of the Second Superseding Indictment was a federal felony; (4) defendant failed to notify the authorities as soon as possible; and (5) defendant did an affirmative act to conceal the crime charged in Count One of the Second Superseding Indictment in this case.

A felony is a crime punishable by a term of imprisonment of more than one year. Mere failure to report a federal felony is not a crime. The defendant must also commit some affirmative act designed to conceal the fact that a federal felony has been committed. See United States v. Olson, 856 F.3d 1216 (9th Cir. 2017).

PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 4, as charged in the single-count information, is: three-years' imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences or any unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant

5

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all relevant times, defendant was an attorney, duly licensed and admitted to practice in the State of California. On or about April 8, 2014, during a purported "legal visit," defendant met with an inmate at the Los Angeles County Jail, in the Central District of California, knowing that the inmate was engaged in a federal felony, namely, racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) by, among other things, agreeing to conduct a criminal enterprise through a pattern of racketeering activity as defined in 18 U.S.C. Section 1961 et seq. At no time did defendant notify a federal authority of the above-described federal felony being committed by the inmate or any other person(s). On April 8, 2014, defendant did an affirmative act to further and conceal the ongoing commission of the federal felony described above, including by using hand gestures instead of verbal communication, by speaking in coded language, and by surreptitiously writing down the names of members of the criminal enterprise of which defendant knew the inmate and others were engaged.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures

under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 10 | [U.S.S.G. § 2X4.1, 2E1.1(a)(1)] |

The parties agree that no other specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate or may be argued. The parties agree to recommend that the Court impose a sentence of time-served, no term of supervised release, and $100 special assessment.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, Speedy Trial Act claims, and all other pretrial motions that have been filed (and defendant agrees to withdraw such motions if filed or pending) or could be filed.

## LIMITED WAIVER OF DISCOVERY

15. Defendant acknowledges that he has received substantial discovery from the government and that he has had sufficient time to review and discuss that discovery with his attorney. In exchange for the government's obligations under this agreement, defendant waives and gives up any right he may have to review additional discovery

that the government has not produced or to claim that the government has not produced all discovery.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, except for an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a term of imprisonment within the statutory maximum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided all portions of the sentence are below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

19. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20. Defendant agrees to waive filing and to not file an action or claim for damages against USAO or its employees arising from the USAO's prosecution of defendant in Case No. 2:18-CR-00173-GW.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, any speedy trial

claim with respect to any such action, or any and all motions, whether filed, pending, or to be filed.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement. Defendant further agrees and understands that his filing of a Notice of Appeal constitutes a breach of this plea agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, or any and all motions, whether filed, pending, or to be filed.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____    9/13/2024
J. MARK CHILDS              Date
GREGG E. MARMARO
DANIEL H. WEINER
Assistant United States Attorneys


_____    9/12/2024
GABRIEL ZENDEJAS-CHAVEZ      Date
Defendant


_____    9/12/24
MEGHAN BIANCO                Date
Attorney for Defendant
GABRIEL ZENDEJAS-CHAVEZ

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, that I lose the right to pursue relief under all pending motions, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    9/12/2024
GABRIEL ZENDEJAS-CHAVEZ              Date
Defendant

15

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Gabriel Zendejas-Chavez's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, that my client will lose his right to pursue relief under all pending motions, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is informed and voluntary; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

/s/ Meghan Blanco                                  9/12/24
MEGHAN BLANCO                                      Date
Attorney for Defendant
GABRIEL ZENDEJAS-CHAVEZ

EXHIBIT A (Information)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL ZENDEJAS-CHAVEZ,<br><br>Defendant. | No. 2:18-CR-00173(D)-GW<br><br>S E C O N D<br>S U P E R S E D I N G<br>I N F O R M A T I O N<br><br>[18 U.S.C. § 4: Misprision of a Felony] |
|---|---|

The United States Attorney charges:

[18 U.S.C. § 4]

Beginning on a date unknown, and continuing to on or about March 29, 2018, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant GABRIEL ZENDEJAS-CHAVEZ, having knowledge of the actual commission of a felony cognizable by a court of the United States, namely, Racketeer Influenced and Corrupt Organizations Conspiracy, in violation of Title 18, United States Code, Section 1962(d), which defendant ZENDEJAS-CHAVEZ knew at the time was a felony under the laws of the United States, knowingly concealed the same and did not

//

//

1

as soon as possible notify the same to any judge or other person in civil or military authority under the United States, in violation of 18 U.S.C. Section 4.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Chief, Criminal Division


J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics, Money
 Laundering, and Racketeering Section

GREGG E. MARMARO
DANIEL H. WEINER
Assistant United States Attorneys
International Narcotics, Money
 Laundering, and Racketeering Section